IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY SPENCE,<br><br>        Plaintiff,<br><br>v.<br><br>DEE DEE BROOKHART,<br>STEVE DUNCAN, and<br>RUSSELL GOINS,<br><br>        Defendants. | Case No. 3:16-CV-1221-NJR-GCS |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Report and Recommendation of Magistrate Judge Gilbert C. Sison (Doc. 72), which recommends the undersigned grant the Motion for Summary Judgment filed by Defendants Dee Dee Brookhart, Steve Duncan, and Russell Goins (Doc. 46). For the reasons set forth below, the Court modifies in part the findings of the Report and Recommendation and grants Defendants' motion for summary judgment.

Plaintiff Gregory Spence, an inmate of the Illinois Department of Corrections formerly housed at Lawrence Correctional Center, brought this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. After preliminary review of his Complaint pursuant to 28 U.S.C. § 1915A, the Court permitted Spence to proceed on the following claims:

    **Count 1:** Duncan and Brookhart subjected Spence to unconstitutional conditions of confinement in violation of the Eighth Amendment by failing to respond to his complaints regarding the water in his

cell being shut off for six days, noxious fumes being pumped though his cell vents and prison staff failing to give him ice or other relief when inmates' cells were extremely hot; and

**Count 2:** Goins and Duncan failed to respond to Spence's grievances regarding being subjected to retaliatory searches by correctional officers, in violation of the First Amendment.

On May 22, 2018, Defendants filed a motion for summary judgment on the merits of Spence's claims (Doc. 46). Defendants argued that Spence failed to demonstrate that Defendants Brookhart and Goins were personally responsible for any alleged constitutional violations, that Defendant Duncan was deliberately indifferent to Spence's alleged unconstitutional conditions of confinement, and that his grievance writing was a motivating factor in Duncan and Goins's alleged failure to respond to his grievances. Defendants also argued they were shielded from liability by the doctrine of qualified immunity. Spence filed a timely response in opposition (Doc. 51).

On August 2, 2019, Judge Sison entered the Report and Recommendation currently before the Court (Doc. 72). With regard to Count 1, Judge Sison found there was no evidence in the record that Brookhart had actual knowledge or turned a blind eye to any alleged unconstitutional conditions of confinement that took place from September 2015 to April 2016. Judge Sison also found that Duncan responded promptly to Spence's grievances regarding the conditions in his cell and, furthermore, Duncan was not personally responsible for the alleged constitutional violations. Finally, Judge Sison found that prison staff acted reasonably to rectify the alleged unconstitutional conditions about which Spence complained. Accordingly, Judge Sison recommended the Court grant summary judgment to Defendants Brookhart and Duncan on Count 1.

With regard to Count 2, Judge Sison found there was no evidence in the record that Defendant Goins had actual knowledge of the retaliation or turned a blind eye to Spence's complaints of retaliation that allegedly took place from September 2015 to October 2015. As to Defendant Duncan, Judge Sison found that, when viewing the facts in the light most favorable to Spence, there is no evidence Duncan failed to respond to or ignored Spence's complaints in retaliation for the grievances he filed. Instead, the record reveals that Duncan did respond to Spence's grievances. Judge Sison then stated: "Thus, the undersigned finds that Spence is entitled to summary judgment on Count 2." (Doc. 72 at p. 20).

On August 8, 2019, Spence filed a letter—docketed as an "objection" to the Report and Recommendation—stating that he had no objection to summary judgment being awarded to Defendants Brookhart and Duncan on Count 1 and summary judgment being awarded to him on Count 2 (Doc. 73). He further said he would like to enter this matter into "arbitration" if the Defendants were willing to make him an offer (*Id.*).

In response to Spence's letter, Defendants noted that although Judge Sison said Spence is entitled to summary judgment on Count 2, his discussion on the matter indicated there was no evidence to establish Spence's retaliation claim against Duncan (Doc. 74). Furthermore, Judge Sison concluded with the recommendation that the undersigned grant summary judgment in favor of Defendants and against Spence (*Id.*). Accordingly, Defendants asserted, Judge Sison's statement that Spence was entitled to summary judgment was merely a clerical error. Defendants asked the Court to correct the record and accept Judge Sison's recommendation to grant Defendants' motion.

On September 5, 2019, Spence filed a reply in which he maintained his position that Judge Sison "got it correct" when he recommended that summary judgment be granted to Spence on Count 2. He made no other argument in response to Defendants' assertion that Judge Sison simply made an error when he wrote that "Spence is entitled to summary judgment on Count 2."

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). But, where neither timely nor specific objections to the Report and Recommendation are made, this Court should only review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In this case, no specific objections were made to Judge Sison's Report and Recommendation, and the only clear error found by the Court is the clerical error made by Judge Sison in stating that "Spence is entitled to summary judgment on Count 2." Clearly, Judge Sison's discussion regarding Count 2 indicated it was Defendant Duncan who was entitled to summary judgment—not Spence. The Court agrees with the remainder of Judge Sison's findings, analysis, and conclusions.

For these reasons, the Court **MODIFIES** the findings of the Report and Recommendation to state that Defendant Duncan is entitled to judgment as a matter of law on Count 2. The Court **ADOPTS** the Report and Recommendation (Doc. 72) in all

other respects and **GRANTS** the Motion for Summary Judgment filed by Defendants (Doc. 46). This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: September 17, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**